# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JAMES GAVIN,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | |
| ] | CV-07-BE-1902-S |
| **HEALTHCARE AUTHORITY FOR** ] | |
| **MEDICAL WEST,** ] | |
| **Defendant.** ] | |
| ] | |
| ] | |
| ] | |

## MEMORANDUM OPINION

This matter is before the court on "Plaintiffs' Motion for Conditional Collective Action Certification and to Facilitate Court-Approved Notice under 29 U.S.C. § 216(b)" (doc. 17).  On May 20, 2008, the court held a hearing on this motion and will DENY the motion for the reasons stated on the record and in this opinion.

The named Plaintiff, James Gavin, and two opt-in Plaintiffs, Violet Hosey and Doris Kreidler, are former employees of Defendant UAB Medical West, a healthcare provider located in Bessemer, Alabama.  Plaintiffs allege that UAB Medical West has violated the provisions of the Fair Labor Standards Act ("FLSA"), 29 U. S. C. § 201, *et. seq.*, through  (1) scheduling shifts of eight hours and thirty minutes and automatically deducting a thirty-minute unpaid lunch break, regardless of whether the lunch break was taken or was uninterrupted by work; and (2) failing to pay employees for occasional time worked pre- and post-shift.  Because Plaintiffs allege that UAB Medical West uses the same time-keeping and payroll procedures for its hourly-paid, non-

1

exempt employees, whatever their job classification and location, Plaintiffs ask the court to allow this case to proceed conditionally as a collective action and to authorize notice to the following proposed class:

> All current and former hourly wage employees of Defendant who have been employed by Defendant within the three years pre-dating the filing of this case, i.e., since 10/18/04.

Pls.' Mot. for Conditional Class Certification 1.

> Section 216(b) of the FLSA provides, in pertinent part, as follows:
>
> Any employer who violates [the minimum wage or maximum hours provisions of this title] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). In addressing Plaintiffs' request for conditional class certification, the court notes that the FLSA does not require the certification of collective action, nor is a plaintiff "entitled" to a collective action. Instead, "district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . actions by facilitating notice to potential plaintiffs." *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989)[1]. The FLSA's "opt-in" procedure was created "to serve the interests of judicial economy through resolution in a single proceeding of claims stemming from common issues of law and fact and to aid in the vindication of plaintiffs' rights by lowering the individuals' costs

---

[1] *Hoffmann-La Roche* was an ADEA collective action, not an FLSA collective action, but it was brought under § 216(b) pursuant to the ADEA's express statutory adoption of § 216(b) of the FLSA.

with a pooling of claims and resources." *Bernard v. Household Int'l*, 231 F. Supp. 2d 433, 435 (E.D. Va. 2002). When treating the case as a collective action will not serve those purposes, the court has no obligation to do so. *See Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F.3d 1208, 1219 (11th Cir. 2001) (stating that "[t]he decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court."); *see also Davis v. Charoen Pokphand (USA)*, 303 F. Supp. 2d 1272, 1278 (M.D. Ala. 2004) (denying motion to certify conditionally a collective action).

The Eleventh Circuit recommends that district courts adopt a two-tiered approach to notification and certification of Section 216(b) opt-in collective actions, addressing at two different stages the question of whether plaintiffs are "similarly situated" and amenable to class creation. *Id.* at 1218. The first evaluation occurs during the early stages of litigation and, if the court conditionally certifies the class, the court re-examines the similarly situated issue "at a later stage, once discovery produced more information regarding the nature of Plaintiffs' claims." *Id.* at 1217-18. In the initial determination, the court must decide – "usually based only on the pleadings and any affidavits that have been submitted – whether notice should be given to potential class members." *Id.* at 1918. Because of the limited evidence at this stage, that determination utilizes "a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.* A court must determine that two conditions are met to justify conditional certification: (1) other employees of defendant exist who desire to opt-in; and (2) those employees "are similarly situated with respect to their job requirements and with regard to their pay provisions." *See*

*Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991).

To show that other employees are "similarly situated" for purposes of first tier conditional certification, plaintiffs "need only show that their positions are similar, not identical, to the positions held by the putative class members." *Hipp*, 252 F.3d at 1217 (quoting *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1101 (11th Cir. 1996)). "A unified policy, plan, or scheme . . . may not be required to satisfy the more liberal 'similarly situated' requirement[]" at this stage. *Davis*, 303 F. Supp. 2d at 1275 (quoting *Hipp*, 252 F.3d at 1219) (ellipsis in *Davis*).

The Court of Appeals has not expanded what circumstances obviate the need for a unified scheme, but one district court in this Circuit has held that

> a plaintiff must make some rudimentary showing of commonality between the basis for his claims and that of the potential claims of the proposed class, beyond the mere facts of job duties and pay provisions, because without such a requirement, it is doubtful that § 216(b) would further the interests of judicial economy, and it would undoubtedly present a ready opportunity for abuse.

*Barron v. Henry County School Sys.*, 242 F. Supp. 2d 1096, 1103 (M.D. Ala. 2003). " The plaintiffs may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination supported by affidavits that 'successfully engage defendants' affidavits to the contrary.'" *Grayson*, 79 F.3d at 1097 (quoting *Sperling v. Hoffman-La Roche*, 118 F.R.D. 392, 406-07 (D. N.J. 1988)).

In examining the pleadings and affidavits submitted in the instant case, the court finds that Plaintiffs have failed to meet the admittedly lenient standard to justify conditional certification. Plaintiff Gavin and two opt-in Plaintiffs each have submitted an affidavit in

support of the motion, but none of those three documents identifies any other employees who are similarly situated and/or who desire to opt-in. These affidavits may provide evidence of possible FLSA violations involving two employees – Plaintiffs Gavin and Hosey – who work in the same hospital unit and another employee – Plaintiff Kreidler – who works in a separate clinic; however, Plaintiffs' submissions do not support allegations of class-wide FLSA violations nor do they successfully engage UAB Medical West's affidavits denying that its employment policies violate the FLSA. Rather, the evidence before the court indicates that UAB Medical West's policies provide a means for editing time and receiving payment for lost or interrupted lunch breaks and for time worked before clocking in or after clocking out. At this point, no evidence exists on the record that UAB Medical West's general practices violate the FSLA or its own policies or that UAB Medical West has deviated from its policies except perhaps in the Plaintiffs' individual cases.

     The court further notes that the evidence submitted regarding satellite clinics indicates that the timekeeping and payroll procedures vary widely from clinic to clinic. Thus, the court finds that the clinic employees, including Plaintiff Kreidler, are not "similarly situated" to the hospital employees.

     Although Plaintiffs' burden is not heavy at this stage of class certification, Plaintiffs do bear a burden. Based on the record before it, the court is not convinced that Plaintiffs have carried their burden of establishing the existence of fellow UAB Medical West employees who desire to opt-in and who are similarly situated. Accordingly, the court, in the exercise of its discretion, will DENY the motion for conditional class certification without prejudice to Plaintiffs' re-filing the motion if they should develop additional

information supporting class-wide FLSA violations.

The court will enter a separate order consistent with this opinion.

Dated this 30th day of May, 2008.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE